UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 10-2917 DSF (FFMx) | Date | 5/24/10 |
|---|---|---|---|

| Title | EuropaCorp v. Consolidated Pictures Group, Inc., et al. |
|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff's Motion for Preliminary Injunction (Docket No. 6)

## I.  FACTUAL BACKGROUND

   Plaintiff owns and has a registered copyright in the film *I Love You Phillip Morris* ("Film").  (Clark Decl. ¶¶ 2-3; Korn Decl. Ex. A.)  On May 8, 2009, Plaintiff and Defendant entered into an agreement ("Agreement") granting Defendant the right to distribute the Film throughout the United States and Canada.  (Clark Decl. ¶ 4, Ex. A (Agreement).)  In exchange, Defendant agreed to pay Plaintiff a $3 million advance ("Advance") in three separate $1 million installments.  (Id. at ¶ 5.)  The Agreement also granted Plaintiff the right to rescind if Defendant failed "to pay any portion of the Advance" so long as failure to pay was not the result of Plaintiff materially breaching the Agreement.  (Id. at ¶ 18.)
   On February 25, 2010, the parties entered into a contract amending the payment schedule ("Amendment") for the Advance whereby Defendant agreed to pay the first million on February 25, 2010, the second million within 30 days after the first installment, and the last million by April 30, 2010.  (Clark Decl. Ex. D (Amendment) ¶ 6.)  Defendant also released and discharged Plaintiff "from any and all claims, known or unknown, arising from any delay" in Plaintiff's obligations to deliver the Film to Defendant.  (Id. at ¶ 10.)
   On April 1, 2010, Plaintiff sent Defendant a letter that rescinded the Agreement because Defendant had not paid any of the Advance by that time.  (Clark Decl. ¶ 20, Ex. I.)  As of April 26, 2010, Defendant still had not paid Plaintiff any of the Advance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

(Clark Decl. ¶ 21.) Nevertheless, Defendant still has all of the delivery materials provided by Plaintiff for the Film, maintains an official website for the Film, and plans to distribute the Film in North America. (Id. at ¶ 27, Ex. M.) On April 15, 2010, Defendant also demanded arbitration with the Independent Film & Television alliance ("IFTA") alleging Plaintiff did not validly rescind the Agreement. (Korn Decl. Ex. B.)

### II. LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 366 (2008).

### III. DISCUSSION

**A. The Arbitration Does Not Require The Court To Stay This Action**

The Court denies Defendant's request to stay the action until the arbitration is completed.
The Agreement provides that:
> Any dispute related to the delivery of the Picture by Grantor, which cannot be resolved after good faith negotiation between the parties, shall be resolved through expedited, final and binding arbitration under the [IFTA] Rules for International Arbitration in effect as of the date of this Agreement ("IFTA Rules"). Each party waives any right to adjudicate any dispute in any other court or forum, except that a party may seek interim relief before the start of arbitration as allowed by the IFTA Rules. (Agreement ¶ 18.)

Even assuming this paragraph applies to this dispute, the IFTA Rules allow parties to seek and obtain "interim equitable relief including but not limited to prohibitory or mandatory injunction, specific performance or extraordinary writs in any court of law or equity having jurisdiction . . . ." (Korn Decl. Ex. C, IFTA Rule 10.1.) Nevertheless, Defendant contends that the Court should, in its discretion,[1] stay the motion because "in

---

[1] A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case . . . whether the separate proceedings are judicial, administrative, or arbitral in character . . . ." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

essence" any decision would "adjudicate the key issue currently pending in the [ ] Arbitration." Defendant argues that this means there is a risk of inconsistent rulings. (Def.'s Opp'n at 15.)

The Court rejects this argument. A decision on whether Plaintiff is substantially likely to succeed on its claims is not a final adjudication of the merits, so there is no risk of inconsistent rulings. Moreover, far from needlessly interfering with the ongoing arbitration, both the Agreement and IFTA rules explicitly allow parties to seek such relief. The Court finds that there is no reason to stay this action at this time.

### B. Plaintiff Is Likely To Succeed On The Merits Of Its Copyright And Contract Claims

Given that Defendant's rights in the Film derive solely from the Agreement, Plaintiff's likelihood of success on its claims turns on whether Plaintiff can show it validly rescinded the Agreement.[2]

Plaintiff could rescind the Agreement if Defendant failed to pay any portion of the Advance, so long as: (1) the failure to pay was not caused by Plaintiff's material breach; and (2) Plaintiff returned any of the Advance paid. (Agreement ¶ 18.)

Defendant does not contest that it failed to pay the Advance even though it is due. It argues, however, that there are four reasons why Plaintiff will not be able to establish that the rescission was valid: (1) Plaintiff has not compensated it for the costs it has incurred due to the Agreement, as required by § 1691 of the California Civil Code; (2) Plaintiff breached the Agreement by failing to deliver the Film in time; (3) Plaintiff breached the Agreement by entering into distribution agreements with Virgin Atlantic and other unnamed airlines before sending the rescission notice to Defendant; and (4) failing to pay the Advance was not a sufficiently material breach to justify rescission. (Def.'s Opp'n 9-12.) The Court finds each of these arguments unavailing.

Defendant first argues that the requirement in the Agreement that Plaintiff repay the Advance in order to rescind was in addition to § 1691's rescission requirements, so Plaintiff first needs to repay Defendant for all of its costs incurred relating to the Agreement. Under § 1691, a party may rescind only if, *inter alia*, he "[r]estore[s] to the other party everything of value which he has received from him under the contract or offer[s] to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." Cal. Civ. Code § 1691(b). If the parties intended § 1691's requirements to govern rescission of the Agreement, the requirement

---

[2] Once a licensing agreement is terminated, "further distribution would constitute copyright infringement." Rano v. Sipa Press, Inc., 987 F.2d 580, 586 (9th Cir. 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

that the Advance be returned would be superfluous.  The Court finds Defendant's proffered interpretation untenable because courts should avoid an interpretation that would render part of the contract surplusage.  <u>Appalachian Ins. Co. v. McDonnell Douglas Corp.</u>, 214 Cal. App. 3d 1, 12 (1989).

Defendant's second argument fails because it has never been established that Plaintiff's allegedly untimely delivery of the Film breached the Agreement, and the Amendment explicitly forbids Defendant from claiming otherwise now.  (Amendment at ¶ 10.)  Moreover, the Court finds that the Amendment's silence regarding its impact on Plaintiff's right to rescind in the event of failure to pay the Advance shows that the parties did not intend for the Amendment to upset this right.

The only evidence put forward by Defendant for its third argument is a page from Virgin Atlantic's United Kingdom website showing its April 2010 movie line-up. (Cavanaugh Decl. Ex. F.)  Given that Plaintiff sent its rescission notice on April 1 and also has submitted evidence that the Film had never been shown on any flights before April 1, the Court rejects this argument.  (Lebegue Decl. ¶ 2.)[3]

Defendant's fourth argument is frivolous.  The Agreement explicitly gives Plaintiff the right to rescind if Defendant fails to pay the Advance.  Failure to do so is obviously a sufficiently material breach to justify rescission.

In light of the above, the Court finds that Plaintiff will likely be able to show its rescission was valid, which means it also is likely to succeed on the merits of its claims.

### C.  Plaintiff Is Likely To Suffer Irreparable Harm Absent Injunctive Relief

Because Plaintiff has shown it is likely to succeed in showing copyright infringement, there is a presumption of irreparable harm.  <u>LGS Architects, Inc. v. Concordia Homes of Nevada</u>, 434 F.3d 1150, 1155 (9th Cir. 2006).

### D.  The Balance Of The Equities Tips In Plaintiff's Favor

The balance of the equities tips in Plaintiff's favor as well.  In addressing this issue, the Court "has a duty to balance the interests of all parties and weigh the damage to each."  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1138 (9th Cir. 2009) (internal quotation marks and ellipsis omitted).  Absent injunctive relief, Defendant would engage in conduct that is likely unlawful and would cause Plaintiff irreparable harm.  In contrast, because Defendant cannot distribute the film until the Advance has been paid, the harm caused to Defendant by an injunction appears minimal, and speculative.

---

[3] The Court overrules Defendant's objection to this evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

### E.  The Public Interest

This factor does not weigh strongly in either direction because this is a dispute between two private parties.  Id. at 1138-39.

### F.  Plaintiff Must Post A $500,000 Bond As Security

"The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*."  Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks omitted).  Here, the Court finds that a bond of $500,000 is appropriate.

## IV.  CONCLUSION

For the reasons described above, Plaintiff's motion is GRANTED.


IT IS SO ORDERED.